**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **VE OPENING LLC,** | C.A. No. 7:25-cv-00538-DC-DTG |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| | PATENT CASE |
| **DROPBOX, INC.,** | |
| Defendant. | |

**DEFENDANT DROPBOX, INC.'S MOTION TO DISMISS COMPLAINT
FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE TO
TRANSFER UNDER 28 U.S.C. § 1404(A)**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 1

      A.    VE Opening Filed This Case In A District Where Dropbox Has No
           Regular And Established Place Of Business. ........................................... 1

      B.    Information And Witnesses Related To The Accused Product, VE
           Opening, And Prior Art Are In The Northern District Of California. ..................... 3

III.    LEGAL STANDARD ............................................................................................. 5

IV.    ARGUMENT ........................................................................................................... 7

      A.    The Court Should Dismiss The Complaint Because Venue Is Not Proper In
           This District Under Either Prong Of § 1400(b). ...................................... 7

      B.    In The Alternative, The Court Should Transfer The Case To The Northern
           District of California Under §§ 1406(a) or 1404(a). .............................. 10

            1.    The Private Interest Factors Weigh In Favor Of Transfer. ........................ 11

                  a.    The Cost of Attendance and Convenience for Willing
                      Witnesses ........................................................................ 11

                  b.    The Availability of Compulsory Process ...................................... 12

                  c.    The Relative Ease of Access to Sources of Proof ......................... 13

                  d.    Other Practical Problems ............................................................. 13

            2.    The Public Interest Factors Weigh In Favor Of Transfer. ......................... 13

V.    CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. T-Mobile USA, Inc.*,
No. 2-21-cv-72 (E.D. Tex. Aug. 20, 2021)...............................................................................9

*Ambraco, Inc. v. Bossclip B.V.*,
570 F.3d 233 (5th Cir. 2009) .................................................................................................6

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)...........................................................................................14

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017)...................................................................................6, 9, 10

*Datanet LLC v. Dropbox, Inc.*,
No. 6:22-cv-1142 (W.D. Tex. Jun. 13, 2023) ......................................................................11

*In re EMC Corp.*,
677 F.3d 1351 (Fed. Cir. 2012).............................................................................................6

*Entangled Media, LLC v. Dropbox, Inc.*,
No. 1:22-cv-01324 (W.D. Tex. June 30, 2023) ....................................................................11

*Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd.*,
No. W-21-CV-00122-ADA, 2021 WL 6205789 (W.D. Tex. Dec. 29, 2021) .........................10

*Gomez v. Niemann & Heyer, L.L.P.*,
No. 1:16-CV-119 RP, 2016 WL 3562148 (W.D. Tex. June 24, 2016) ....................................5

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) .......................................................................................12, 14

*In re Google LLC*,
949 F.3d 1338 (Fed. Cir. 2020)..............................................................................................8

*GreatGigz Sols., LLC v. Maplebear Inc.*, (*GreatGigz II*),
No. W-20-CV-00737-ADA, 2021 WL 4691145 (W.D. Tex. Oct. 6, 2021)........................8, 10

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, (*GreatGigz I*),
No. W-21-CV-00172-ADA, 2022 WL 432558 (W.D. Tex. Feb. 11, 2022).........................6, 8

*IngenioShare, LLC v. Epic Games,Inc.*,
No. W-21-CV-00663-ADA, 2022 WL 827808 (W.D. Tex. Mar. 18, 2022)...........................10

*Krystal One Acquisitions, L.L.C. v. Bank of Am., N.A.*,
    805 F. App'x 283 (5th Cir. 2020) ..................................................................................5

*Media Chain, LLC v. Roku, Inc.*,
    No. 1:21-CV-27-LY, 2021 WL 5994809 (W.D. Tex. Dec. 7, 2021) ......................................13

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009)........................................................................................7

*Optima Direct, LLC v. Dropbox, Inc.*,
    No. 1:19-cv-1098 (W.D. Tex. Feb. 21, 2020)..........................................................................11

*Pers. Audio, LLC v. Google, Inc.*,
    280 F. Supp. 3d 922 (E.D. Tex. 2017)....................................................................................8

*Port-A-Pour, Inc. v. Peak Innovations, Inc.*,
    No. 13-CV-01511-WYD-BNB, 2015 WL 292913 (D. Colo. Jan. 20, 2015) ...........................5

*Safecast Ltd. v. Google LLC*,
    No. W-22-CV-00678-ADA, 2023 WL 4277349 (W.D. Tex. June 28, 2023) ........................12

*Stiel v. Heritage Numismatic Auctions, Inc.*,
    816 F. App'x 888 (5th Cir. 2020) ................................................................................5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    581 U.S. 258 (2017).............................................................................................5, 6, 7

*Topia Technology, Inc. v. Dropbox, Inc.*,
    No. 6:21-cv-1373 (W.D. Tex. Feb. 13, 2023).......................................................................11

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)......................................................................................14

*VE Opening LLC v. Salesforce, Inc.*,
    C.A. No. 7:25-cv-539-DC-DTG ....................................................................................5

*In re Volkswagen AG*, (*Volkswagen I*),
    371 F.3d 201 (5th Cir. 2004) ...................................................................................6, 7

*In re Volkswagen of Am., Inc.*, (*Volkswagen II*),
    545 F.3d 304 (5th Cir. 2008) ......................................................................................7, 12

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018)......................................................................................6

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................ *passim*

28 U.S.C. § 1404(a) ................................................................................................ *passim*

28 U.S.C. § 1406(a) ................................................................................................1, 6, 11

**Other Authorities**

Fed. R. Civ. P. 12(b)(3)..........................................................................................1, 6

Fed. R. Evid. 201(b)................................................................................................5

## I.    INTRODUCTION

Defendant Dropbox, Inc. ("Dropbox") respectfully moves to dismiss VE Opening LLC's ("VE Opening") Complaint for improper venue pursuant to 28 U.S.C. § 1400(b) and Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer the case to the Northern District of California pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).  Venue is improper in this District because Dropbox has no "regular and established place of business" here.  Dropbox vacated its former Austin office in July 2023, subleased the space to other companies for their exclusive use beginning no later than July 2023, and its lease terminated in May 2025—months before VE Opening filed its Complaint.

Because venue is improper, this Court must either dismiss the case or transfer it in the interests of justice.  If the Court believes the interests of justice require transfer, it should send this case to the Northern District of California.  Dropbox has its headquarters in San Francisco, and VE Opening and one of its managing agents also have addresses in San Francisco or the surrounding area (the San Francisco Bay Area).  Many engineering, product, and design employees who work on Dropbox's accused Dash product live in the San Francisco Bay Area, as do former Dropbox employees and third-party witnesses with knowledge of potential prior art systems.  Aside from having been formed in Texas (outside of this District), VE Opening appears to have no connections to Texas.

## II.    BACKGROUND

### A.    VE Opening Filed This Case In A District Where Dropbox Has No Regular And Established Place Of Business.

VE Opening, a non-practicing entity, filed this case in November 2025, alleging that Dropbox's Dash product infringes U.S. Patent No. 9,916,079 (the "'079 patent").  The '079 patent relates generally to methods for "searching across multiple applications and linking information between such applications."  Compl. ¶ 13.  VE Opening's sole allegation in support of venue is

1

that Dropbox purportedly has a place of business at 501 Congress Ave., Austin, Texas 78701 (the "Congress Avenue Office").[1]  Compl. ¶ 6.  But Dropbox's lease to that office terminated in May 2025, six months before VE Opening filed its Complaint.  Bonney Decl. ¶ 4.  Moreover, even before the lease terminated, Dropbox had not used the Congress Avenue Office as its place of business since at least July 2023.  *Id.* ¶ 5.  Dropbox entered into two sublease agreements in 2021 that required the company to completely vacate the Congress Avenue Office by July 2023.  *Id.*  By July 2023, Dropbox had moved all Dropbox company property out of the Congress Avenue Office, and no Dropbox employee has worked at the office since that time.  *Id.*

As of November 2025, Dropbox had three office locations in the United States: its headquarters in San Francisco and offices in Seattle and Washington D.C.  *Id.* ¶ 6, Ex. B.  Dropbox has been headquartered in San Francisco since 2007, when it was founded, and San Francisco is still the strategic center of its business.  Ingraham Decl. ¶ 4.  Most of its senior management team is located in the San Francisco Bay Area, and most of its significant engineering, marketing, and pricing decisions are made from Dropbox's San Francisco office.  *Id.*  Dropbox advertises its San Francisco and Seattle offices as its places of business within the U.S. on its LinkedIn page.  Bonney Decl. Exs. A-B.

Dropbox became a "Virtual First" company in 2020, meaning that its employees work remotely by default, but still meet in person several times a year, including for "anchor week" and "hack week" events at Dropbox's headquarters in San Francisco.  Ingraham Decl. ¶ 5.  As part of its "Virtual First" model, Dropbox permits employees to book workstations or meeting rooms in third-party co-working spaces as occasional, supplementary working spaces.  Bonney Decl. ¶ 8.  However, Dropbox does not have any long-term leases or rental agreements with any co-working

---

[1] Dropbox refers to its physical office locations both internally and externally as "Studios."

space. *Id.* ¶ 7. Moreover, Dropbox does not advertise or market any co-working space as its place of business, and Dropbox employees also do not store anything in co-working spaces or receive mail at those locations. *Id.* ¶ 9. The vast majority of Dropbox employee bookings of co-working spaces in Texas in 2025 were for workstations in common, shared areas in a co-working facility. *Id.*

As part of its Virtual First model, Dropbox does not require employees to live in any particular location in the United States. Ingraham Decl. ¶ 6. Dropbox provides employees with basic office equipment (such as a laptop, keyboard, and mouse) and reimburses them for Internet and cell phone expenses incurred due to work. *Id.* ¶ 8. However, Dropbox does not own or lease the residences of its employees, reimburse employees for expenses such as rent, mortgage payments, or property taxes, or advertise any employee's home as Dropbox's place of business. *Id.* ¶ 7. Because Dropbox does not sell physical products, there are no physical products for employees to store in their homes, and Dropbox does not require employees to store company equipment in their homes, other than a standard company-issued laptop and related peripherals for individual use. *Id.* ¶ 9.

    **B.**    **Information And Witnesses Related To The Accused Product, VE Opening, And Prior Art Are In The Northern District Of California.**

Many of the relevant witnesses in this case appear to be located in, or close to, the Northern District of California. As of the time VE Opening filed its Complaint, more than 70 Dropbox employees in Dropbox's engineering, product, and design organization who work on the accused Dash product lived in California (with around 54 in the Northern District), whereas only four were located in this District. *Id.* ¶ 12. Moreover, none of the Dropbox employees who are involved with sales of Dash live in Texas, whereas three are located in California. *Id.* ¶ 13. Dropbox acquired much of the technology underlying Dash through its acquisition of Command E, a

company based in San Francisco.  *Id.* ¶ 11.

Former and current Dropbox employees who developed relevant prior art are located in California.  For example, Dropbox's core product—its cloud storage service for file sharing and collaboration—includes features that, like the '079 patent, enable users to search for and view information across multiple applications.  *E.g.*, Mullins Decl. Exs. 1 (explaining, in October 2011, that the Dropbox API enables developers to "build search and sharing" across mobile and web apps), 2 (announcing the Dropbox Chooser for "integrat[ing] Dropbox into… web apps" in a post dated November 15, 2012); 3 (announcing ability to "see previews [of files] right from your browser" in January 2013).  Dropbox patents that cover these search, sharing, and preview features, including U.S. Patent Nos. 9,628,560, 10,484,456 and 10,474,634, may be prior art to the '079 patent.  *See id.* Exs. 4-6.  Several former and current Dropbox employees who are named inventors on the '560, '456, or '634 patents, or who authored posts on Dropbox's blog describing relevant Dropbox features, appear to be located in the Northern District of California.  *See id.* Exs. 7 (LinkedIn page for Bryan Jadot, inventor of the '560 and '456 patents), 8 (LinkedIn page for David Euresti, inventor of the '560 and '456 patents), 9 (LinkedIn page for Peter Welinder, inventor of the '560 and '456 patents), 10 (LinkedIn page for Maxime Belanger, inventor of the '560 and '456 patents), 11 (LinkedIn page for Ilya Fushman, inventor of the '634 patent), 12 (LinkedIn page for Dima Ryazanov, author of Dropbox Chooser blog post), 13 (LinkedIn page for Nikrad Mahdi, author of Dropbox "preview" blog post), 14 (LinkedIn page for Ziga Mahkovec, author of Dropbox "preview" blog post).

Third parties with information about non-Dropbox prior art systems may also be located in the Northern District of California.  VE Opening has sued several other companies in this District for infringement of the '079 patent, including Salesforce, Inc. ("Salesforce").  Salesforce contends

4

that prior versions of its Slack application that pre-date the priority date of the '079 patent are prior art and that witnesses with relevant knowledge of those prior versions are located in the Northern District of California.  *See id.* Ex. 15 (*VE Opening LLC v. Salesforce, Inc.*, C.A. No. 7:25-cv-539-DC-DTG, Dkt. 16).[2]

There is also reason to believe that relevant evidence related to VE Opening is similarly located in the Northern District of California.  VE Opening has an address at 945 Taraval Street, #153, San Francisco, CA 94116 based on the Texas Secretary of State's records and the assignment agreement it filed with the U.S. Patent & Trademark Office ("PTO").  *See* Mullins Decl. Exs. 16-17.[3]  Additionally, one of VE Opening's two managing agents is James Liao, an employee at a patent analytics company called Patlytics who lists his location on his LinkedIn page as "San Francisco Bay Area."  Mullins Decl. Exs. 18-19.

## III.    LEGAL STANDARD

In *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 581 U.S. 258, 266 (2017), the Supreme Court held that § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions."  Under § 1400(b), venue is proper only: (i) where the defendant "resides" (meaning its state of incorporation), or (ii) where the defendant has a "regular and established place of business" and acts of infringement occurred.[4]  *Id*. at 265.  There are three requirements to show

---

[2] The Court may take judicial notice of Salesforce's motion pursuant to Fed. R. Evid. 201(b).  *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020); *Krystal One Acquisitions, L.L.C. v. Bank of Am., N.A.*, 805 F. App'x 283, 287 (5th Cir. 2020).

[3] The Court may also take judicial notice of records maintained by the Texas Secretary of State related to VE Opening and the PTO's assignment records.  *See, e.g.*, *Gomez v. Niemann & Heyer, L.L.P.*, No. 1:16-CV-119 RP, 2016 WL 3562148, at *15 (W.D. Tex. June 24, 2016); *Port-A-Pour, Inc. v. Peak Innovations, Inc.*, No. 13-CV-01511-WYD-BNB, 2015 WL 292913, at *2 (D. Colo. Jan. 20, 2015).

[4] With respect to § 1400(b)(ii), Dropbox disputes that any alleged acts of infringement have occurred in this District; however, for purposes of this Motion, Dropbox focuses only on the "regular and established place of business" requirement.

5

that a defendant has a "regular and established place of business" in a judicial district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "[T]he Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.,* 890 F.3d 1008, 1013 (Fed. Cir. 2018). Whether venue is proper is determined as of the date the suit is filed. *GreatGigz Sols., LLC v. ZipRecruiter, Inc.,* No. W-21-CV-00172-ADA, 2022 WL 432558, at *3 (W.D. Tex. Feb. 11, 2022) (*GreatGigz I*) ("A fundamental and unwavering rule applied by courts when determining whether venue is proper is that the 'relevant time for any venue analysis is the time of filing of the complaint'—events prior to or after a complaint is filed are irrelevant except to the extent they logically establish a continuous presence up to the date of filing."). In deciding a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). If the Court concludes venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Under § 1404(a), a case may be transferred "to any other district or division" where the action could have been brought, as the interests of convenience and justice so clearly require. 28 U.S.C. § 1404(a). Fifth Circuit law governs this Court's determination of whether to transfer, as the Federal Circuit applies the law of the appropriate regional circuit to venue issues in patent cases. *See In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012). The threshold inquiry for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th

Cir. 2004) (*Volkswagen I*).  Once that threshold is met, the court determines whether transfer would promote the interest of justice and/or the convenience of the parties and witnesses by examining public and private interest factors.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*).  The four private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial easy, expeditious, and inexpensive.  *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  The four public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the governing law; and (4) the avoidance of unnecessary problems of conflict of laws.  *Id.*

## IV.    ARGUMENT

### A.    The Court Should Dismiss The Complaint Because Venue Is Not Proper In This District Under Either Prong Of § 1400(b).

VE Opening cannot meet its burden to establish proper venue in this District under either prong of § 1400(b).

**First**, Dropbox is incorporated in Nevada, Compl. ¶ 2, and therefore does not "reside" in this District within the meaning of the first prong of § 1400(b).  *TC Heartland*, 581 U.S. at 262 ("[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute.").

**Second**, Dropbox does not have a regular and established place of business in this District. VE Opening identifies only one alleged place of business in the Complaint: the Congress Avenue Office.  Compl. ¶ 6.  But Dropbox's lease to that office terminated in May 2025, six months before VE Opening filed its Complaint, and Dropbox had not conducted its business from the Congress Avenue Office since at least July 2023, when it subleased the office to other companies.  Bonney

7

Decl. ¶¶ 4-5. Courts have repeatedly held that offices that a company is no longer using at the time a complaint is filed are not the company's regular and established place of business under § 1400(b). *See, e.g.*, *GreatGigz I*, 2022 WL 432558, at *4 (concluding office for which lease terminated 8 months prior was not a regular and established place of business); *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 933 (E.D. Tex. 2017) (holding that office that Google had sublet to other companies for 2 years before complaint was filed was not Google's regular and established place of business).

Former offices cannot be a defendant's place of business because they lack the "regular, physical presence of an employee or other agent of the defendant conducting the defendant's business." *See In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020); *see also GreatGigz I*, 2022 WL 432558, at *4 ("[V]enue is not proper based on the terminated lease."). That is the case for the Congress Avenue Office. No Dropbox employees have worked from the Congress Avenue Office since at least July 2023, and Dropbox has not stored any property there since that time as well. Bonney Decl. ¶ 5.

VE Opening does not allege any other bases sufficient for this Court to find that venue is proper in this District. Nor could it. Although Dropbox permits its employees to book rooms and workstations in third-party co-working spaces, those spaces are also not Dropbox's regular and established places of business. Dropbox employees use third-party co-working spaces as occasional, supplementary working spaces. Bonney Decl. ¶ 8. Their use of those spaces is neither "regular" nor "established," as another court in this District has found. *See GreatGigz Sols., LLC v. Maplebear Inc.*, No. W-20-CV-00737-ADA, 2021 WL 4691145, *2 (W.D. Tex. Oct. 6, 2021) (*GreatGigz II)* (concluding that the defendant's "short-term WeWork membership" did not establish that the defendant had a regular and established place of business).

8

Co-working spaces are also not "a place of" Dropbox's.  *See In re Cray*, 871 F.3d at 1363 (regular and established place of business must be "a place of the defendant").  Dropbox does not advertise third-party co-working spaces as its place of business, and its employees do not store anything in those spaces or receive mail there.  Bonney Decl. ¶ 10.  The majority of Dropbox employee bookings for third-party co-working spaces are for workstations in shared, common areas that are not exclusive for Dropbox's use.  *Id.* ¶ 9.  Dropbox has done nothing to "establish or ratify" any particular co-working space as its place of business.  *See In re Cray*, 871 F.3d at 1363. For example, it does not advertise the third-party co-working spaces as its place of business. Bonney Decl. ¶ 10.

Employees' homes are similarly not Dropbox's regular and established places of business. The Federal Circuit has recognized that allowing an employee to work from home "do[es] not show that [the defendant] maintains a regular and established place of business in [a particular district but] merely show[s] that there exists within the district a physical location where an employee of the defendant carries on certain work for his employer."  *In re Cray*, 871 F.3d at 1366. *In re Cray* discussed several factors that could indicate that an employee home is a defendant's place of business, including "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place," "whether the defendant conditioned employment on an employee's continued residence in the district," "the storing of materials at [the home]," and "[m]arketing or advertisements" that mention the home.  *See id.* at 1363.

None of those factors are present here.  Dropbox does not require its employees to live in this District, nor do its employees store products in their homes since Dropbox does not sell physical products.  Ingraham Decl. ¶ 6, 9; *see* Mullins Decl. Ex. 20 (*AGIS Software Dev. LLC v. T-Mobile USA, Inc.,* No. 2-21-cv-72, Dkt. 129 (E.D. Tex. Aug. 20, 2021)) at 5-6 ("A residence that

9

an employee may work remotely from that their employer does not condition employment on residence at or store materials at for distribution and sale is not a regular and established place of business of the employer."). Dropbox does not advertise employee homes as its place of business. Ingraham Decl. ¶ 10; Bonney Decl. Exs. A-B. Dropbox does not own or lease employee homes, nor does it reimburse employees for their rent, mortgage, or property taxes. Ingraham Decl. ¶ 7. That Dropbox reimburses employees for Internet and phone-related expenses, and provides them with standard office equipment, is insufficient to turn employees' homes into Dropbox's place of business. *See In re Cray*, 871 F.3d at 1364 (concluding employee home was not employer's place of business despite employer reimbursing employee "for phone, internet, and business-related travel expenses"). In considering similar facts, courts in this District have repeatedly declined to find that an employee's home was a defendant's place of business. *See IngenioShare, LLC v. Epic Games*, Inc., No. W-21-CV-00663-ADA, 2022 WL 827808, at *3 (W.D. Tex. Mar. 18, 2022) ("Epic does not hold out its employees' homes as places of Epic."); *GreatGigz II*, 2021 WL 4691145, at *3 ("Instacart's employees' homes are not places of Instacart."); *Gesture Tech. Partners, LLC v. Lenovo Grp. Ltd.*, No. W-21-CV-00122-ADA, 2021 WL 6205789, at *3 (W.D. Tex. Dec. 29, 2021) (holding employee homes were not Lenovo's place of business).

The Court should conclude that venue is improper because neither the Congress Avenue Office, third-party co-working spaces, nor employee homes are Dropbox's "regular and established place of business" under § 1400(b) and should dismiss the Complaint.

B.      **In The Alternative, The Court Should Transfer The Case To The Northern District of California Under §§ 1406(a) or 1404(a).**

Where venue is improper, in the alternative, this Court may, "in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Should this Court conclude that the interests of justice favor transfer, it should transfer

10

the case to the Northern District of California.  The case unquestionably "could have been brought" in that District because Dropbox has a regular and established place of business there—its San Francisco headquarters.  *See* Bonney Decl. ¶ 6.

Moreover, even if this Court does not agree that venue is improper in this District, the case should be transferred to the Northern District of California under § 1404(a).  As explained below, each of the factors this Court considers in analyzing motions to transfer for convenience under § 1404(a) weighs in favor of transferring the case to the Northern District of California.  Other courts in this District have agreed and granted Dropbox's prior motions under § 1404(a) and transferred patent infringement cases against Dropbox to the Northern District of California on multiple occasions.  *See* Mullins Decl. Exs. 21 *Datanet LLC v. Dropbox, Inc.*, No. 6:22-cv-1142 (W.D. Tex. Jun. 13, 2023), Dkt. 31), 22 (*Entangled Media, LLC v. Dropbox, Inc.*, No. 1:22-cv-01324 (W.D. Tex. June 30, 2023), Dkt. 31), 23 (*Topia Technology, Inc. v. Dropbox, Inc.*, No. 6:21-cv-1373 (W.D. Tex. Feb. 13, 2023), Dkt. 76), 24 (*Optima Direct, LLC v. Dropbox, Inc.*, No. 1:19-cv-1098 (W.D. Tex. Feb. 21, 2020), Dkt. 19).  The Court should follow suit and transfer the case to the Northern District of California under § 1406(a), if it agrees venue is improper, or § 1404(a) for the convenience of the parties and witnesses.

### 1.      The Private Interest Factors Weigh In Favor Of Transfer.

Each of the § 1404(a) private interest factors weighs in favor of transfer to the Northern District of California.

### a.      The Cost of Attendance and Convenience for Willing Witnesses

The cost of attendance and convenience for party witnesses favors transfer.  VE Opening appears to have no ties to Texas, aside from having been formed there.  It has an address in the Northern District of California and at least one of its managing agents is located in that District. *See* Mullins Decl. Exs. 16-19.  Many Dropbox employee witnesses who work on the accused Dash

11

product are also located in the Northern District of California. *See supra* § II(B). Since all or many of the key party witnesses are located in the Northern District of California, attendance at any hearing or trial in that forum would unquestionably be more convenient and less costly for the parties. Even if there are a handful of Dropbox employees who work on the accused Dash product in this District, that does not outweigh the inconvenience of this District for the many party witnesses who are located in or near the Northern District of California. *See In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. 2023) (factor weighs "firmly … in favor of transfer" where eleven witnesses were in the Northern District of California vs. three in the forum where the case was filed). Traveling from San Francisco (where Dropbox has its headquarters and VE Opening also has an address) to Midland requires taking multiple flights over the course of more than five hours. *See* Mullins Decl. Ex. 25. This "additional travel time increases the probability for meal and lodging expenses" and the likelihood that overnight stays will be required, during which "fact witnesses must be away from their regular employment." *Volkswagen II*, 545 F.3d at 317.

### b.     The Availability of Compulsory Process

The availability of compulsory process also favors transfer. There are several former Dropbox employee third-party witnesses who may have relevant testimony regarding the Dropbox application's preview, Chooser, and search features who live in the Northern District of California. *See supra* § II(B). There are also several former Salesforce/Slack employees that may have information regarding prior art Slack products located in the Northern District of California. *See id.* Because the Northern District of California has absolute subpoena power over those witnesses for both depositions and trial purposes, this factor favors transfer. *See Volkswagen II*, 545 F.3d at 316. And when, as here, the willingness of such witnesses to testify is unknown, they are presumed unwilling, and this factor favors transfer. *See Safecast Ltd. v. Google LLC*, No. W-22-CV-00678-ADA, 2023 WL 4277349, at *4 (W.D. Tex. June 28, 2023). Dropbox would be prejudiced by not

12

being able to call knowledgeable witnesses to testify at trial regarding prior art systems if the case remains in this District.

### c.    The Relative Ease of Access to Sources of Proof

The relative ease of access to sources of proof also favors transfer.  Dropbox's accused Dash product is built on technology it acquired from Command E, a San Francisco company. Ingraham Decl. ¶ 11.  California is thus the most likely place where relevant documents would be located.  *See Media Chain, LLC v. Roku, Inc.*, No. 1:21-CV-27-LY, 2021 WL 5994809, at *2 (W.D. Tex. Dec. 7, 2021) ("Because the teams based in California have developed the services that are most likely to have infringed upon the Asserted Patents in this case, it is most likely that the documents pertinent to this case will be located in California.").

### d.    Other Practical Problems

There are no other practical problems that weigh against transfer.  The case is at a very early stage.  Discovery has not yet begun, and a trial date has not been set.

### 2.    The Public Interest Factors Weigh In Favor Of Transfer.

The § 1404(a) public interest factors similarly weigh in favor of transfer to the Northern District of California.

The local interest in having this case decided at home strongly favors transfer.  Courts recognize a strong local interest where the accused products were designed and developed and where persons reside whose "work and reputation" the lawsuit "calls into question."  *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) ("[B]ecause the accused products were designed, developed, and tested in NDCA; and because the lawsuit 'calls into question the work and reputation of several individuals residing' in NDCA, this factor weighs in favor of transfer."). Here, the technology underlying the accused Dash product was developed by a San Francisco company, and many employees working on the accused Dash product reside in the Northern

13

District of California.  *See supra* § II(B).  Although the Complaint recites a generalized, conclusory allegation that Dropbox infringes the asserted patent in Texas and in the Western District of Texas, it pleads no specific, non-conclusory facts linking any accused conduct to this District.

The other public interest factors (court congestion, the familiarity of the forum with the applicable law and the avoidance of unnecessary conflicts of law) are neutral.  It is an "abuse of discretion" to give the "court congestion" factor any weight where a patentee, like VE Opening, "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution."  *In re Google*, 58 F.4th at 1383.  As to familiarity with the applicable law and conflicts, "[p]atent claims are governed by federal law," and as such "both [Districts are] capable of applying patent law to infringement claims."  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citation omitted).

## V.   CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint for improper venue, without leave to refile in this District, or, in the alternative, transfer the case to the Northern District of California.

Dated: February 13, 2026            Respectfully submitted,

By: */s/ Adil A. Shaikh*

Adil A. Shaikh, Texas Bar No. 24117039
ashaikh@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX 78701
Telephone:  +1 512 575 6047

14

Alyssa Caridis, CA Bar No. 260103 (*Pro Hac Vice* pending)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S Grand Avenue, Suite 2700
Los Angeles, CA 90017
Telephone:  +1 213 629 2020
Facsimile:  +1 213 612 2499

Sarah K. Mullins, CA Bar No. 324558 (*Pro Hac Vice* pending)
sarahmullins@orrick.com
Raivo Andrian, CA Bar No. 359257 (*Pro Hac Vice* pending)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5799

**Attorneys for Defendant, Dropbox, Inc.**

15

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ Adil A Shaikh*
Adil A. Shaikh

16