**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **VE OPENING LLC,** | § | |
| ***Plaintiff,*** | § | |
| ***v.*** | § | **CASE NO. 7:25-CV-00538-DC-DTG** |
| **DROPBOX, INC.,** | § | |
| ***Defendant,*** | § | |

**REPORT & RECOMMENDATION ON THE**
**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE (DKT. NO. 16)**

**TO: THE HONORABLE DAVID COUNTS,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, and the Order and Advisory (Dkt. No. 6) referring all pretrial matters in this case to the undersigned.

Pending before the Court is the defendant's Motion to Dismiss for Improper Venue, or, in the Alternative, to Transfer under 1404(a) (Dkt. No. 16). The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** the defendant's Motion to Dismiss for Improper Venue be **GRANTED** but that the request to dismiss the case be **DENIED** and the case be **TRANSERRED** to the Northern District of California.

## I. BACKGROUND

The present case involves allegations of patent infringement. The plaintiff filed this suit in the Midland-Odessa Division of the Western District of Texas accusing the defendant of

infringement of U.S. Patent No. 9,916,079. Dkt. No. 1. The defendant now moves to dismiss the case for improper venue pursuant to 28 U.S.C. § 1400(b) and Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer the case to the Northern District of California pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Dkt. No. 16 at 1. In the complaint, the plaintiff states that venue is proper under 28 U.S.C. § 1400(b) because the defendant has committed at least a portion of the infringements at issue in this case within the district, including at its place of business at 501 Congress Ave, Austin, Texas 78701. Dkt. 1 ¶ 6. The defendant argues that it vacated the Congress Ave place of business before the plaintiff filed this lawsuit and that proper venue cannot be established through its remote employees within the district. Dkt. No. 16 at 1.

## II. ANALYSIS

A civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Once challenged, the burden of sustaining venue lies with the plaintiff. *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016). The court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Id.* The court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments. *Id.* Where venue is improper, a district court may transfer the case to a proper venue if it is in the interest of justice. 28 U.S.C. § 1406(a).

In this case, venue hinges on the second part of § 1400(b)—"where the defendant has committed acts of infringement and has a regular and established place of business." The parties do not dispute that the defendant is incorporated in Nevada. Dkt. 16 at 7; Dkt. 1 ¶ 2. Therefore, it does not "reside" in the Western District of Texas. *See TC Heartland LLC v. Kraft Foods Grp.*

*Brands LLC*, 581 U.S. 258, 262 (2017) (holding that a domestic corporation "resides" only in its State of incorporation for purposes of the patent venue statute). Thus, proper venue depends on whether the defendant committed acts of infringement and has a regular and established place of business in the Western District of Texas. *See* 28 U.S.C. § 1400(b).

The defendant does not argue about whether acts of infringement have occurred in this district, but rather, that venue is improper because it does not have a regular and established place of business in the Western District of Texas. Dkt. 16 at 1. The defendant vacated its former Austin office in July 2023, subleased the space to other companies for their exclusive use beginning no later than July 2023, and its lease terminated in May 2025—months before the plaintiff filed its Complaint. *Id.* For the past several years, the defendant's employees that live within the district work from third-party co-working spaces or their homes, which the defendant argues do not qualify as a "regular and established place of business" under § 1400(b). *Id.* at 8–10.

The plaintiff counters that the defendant has a regular and established place of business in the Western District of Texas because of its remote employees. The plaintiff contends that the defendant has over 100 employees in the district who make extensive use of co-working spaces. Dkt. No. 29 at 7. It points to the defendant's large budget for co-working space, booking software, and reimbursable expenses that allow employees to maintain home offices. *Id*. at 8-9. It points to regular work gatherings and get-togethers by the defendant's employees in the district at co-working spaces. *Id*. at 9.

There are three general requirements for a place of business under the patent venue inquiry. First, there must be a physical place in the district. Second, that place must be a regular and established place of business. Finally, that place must be the place of the defendant. *In re*

*Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). While the "place" need not be a fixed physical presence in the sense of a formal office or store, there must still be a physical, geographical location in the district from which the business of the defendant is carried out. *Id.* at 1362. A business may be "regular," as required for venue in a patent infringement action, if it operates in a steady, uniform, orderly, and methodical manner; in other words, sporadic activity cannot create venue. *Id.* The third requirement for determining venue is that "the regular and established place of business" must be a place of the defendant. *Id.* at 1363. That is, it must belong to the defendant, not merely to an employee. *Id.*

The undersigned finds that the plaintiff has not met its burden of showing that venue is proper in this district. In the complaint, the plaintiff bases venue on the defendant's former place of business in the district, which the plaintiff identifies as the defendant's current place of business though the venue discovery evidence demonstrates that the defendant stopped using it before this suit was filed. Dkt. No. 1 ¶ 2; Dkt. No. 16 at 7-8. Proper venue for patent-infringement action is assessed as of the time of filing of the complaint and the defendant's former office cannot establish venue. *See* 28 U.S.C.A. § 1400(b). In its response, the plaintiff's argument centers around three things: the defendant's use of co-working spaces in this district, the money spent by the defendant to help employees maintain home offices in this district, and the fact that the defendant holds regular gatherings for its employees in this district. *See generally* Dkt. No. 29. For the reasons below, these arguments do not establish proper venue.

The defendant's use of co-working spaces and remote employees does not meet the three general requirements relevant to the patent venue inquiry. The plaintiff's reliance on *In re Cordis Corp.* is unpersuasive. Dkt. No. 29 at 8. *In re Cray* clarifies the language in *In re Cordis* that requires a physical, geographical location in the district that is a "place of the defendant." 871

F.3d at 1362-63. The plaintiff provides no argument for how the co-working spaces used by the defendant's employees are a "place of the defendant." The plaintiff further argues that the defendant annual reimbursements of up to $5,000 for home office expenses for its remote employees establishes venue. Dkt. 29 at 9–10. However, a work-from-home employee's residence alone is insufficient because it is not a place of the defendant. *IngenioShare, LLC v. Epic Games, Inc.*, No. W-21-CV-00663-ADA, 2022 WL 827808, at *3 (W.D. Tex. Mar. 18, 2022). While the plaintiff has identified substantial numbers of employees and activity in the district, the undersigned is not persuaded that these employees and the use of shared work-spaces qualify as a "place of the defendant" under governing law. *See In re Cray*, 871 F.3d at 1363-65 (emphasizing that the location must be the defendant's place of business and not a transient location). The plaintiff provides no authority to show how the defendant encouraging employee get-togethers or using shared office spaces in this district establishes venue, nor can the undersigned find any. For these reasons, the undersigned finds that the plaintiff failed to meet its burden of showing that venue is proper in this district.

Transfer of this case rather than dismissal best serves the interests of justice. When venue is improper, it is within the sound discretion of the Court to dismiss or to transfer the case to an appropriate venue in the interest of justice. 28 U.S.C. §1406(a); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (collecting cases noting that transfer is committed to the court's sound discretion). The defendant asserts that this case could have been filed in the Northern District of California where it maintains its headquarters. Dkt. No. 16 at 11 (citing Dkt. No. 16-2). The plaintiff does not dispute that venue would be proper in the Northern District of California. Dkt. No. 29 at 10. The undersigned finds that the interest of justice favor of a transfer to that district rather than dismissal. *See Torus Ventures, LLC v. First Nat'l Bank of Sonora*, No.

6:24-CV-00525-DC-DTG, 2025 WL 2158379, at *2 (W.D. Tex. July 14, 2025), report and recommendation adopted, No. W:24-CV-00525-DC, 2025 WL 2154374 (W.D. Tex. July 29, 2025) (citation omitted). Therefore, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's motion to dismiss for improper venue under Rule 12(b)(3) (Dkt. No. 16) be **GRANTED-IN-PART** and the case be **TRANSFERRED** to the Northern District of California. Finding venue improper, the Court does not need to address the defendant's alternative motion to transfer under § 1404(a).

## III. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's motion to dismiss for improper venue under Rule 12(b)(3) (Dkt. No. 16) be **GRANTED** but that the request to dismiss the case be **DENIED** and the case be **TRANSFERRED** to the Northern District of California.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 1st day of July, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE